Petition for Naturalization of Balbino
Monces RABANAL.

No. 1470–TR–66.

United States District Court
D. Maryland.

Jan. 15, 1959.

---

F. Alfred Petersam, Baltimore, Md., for Immigration and Naturalization Service.

THOMSEN, Chief Judge.

The question presented by the Immigration and Naturalization Service in this case is whether petitioner, having been lawfully admitted for permanent residence, has resided continuously within the United States since the date of the filing of his petition for naturalization, as required by sec. 316(a) of the Immigration and Nationality Act, 1952 (INA), 8 U.S.C.A. § 1427(a), which provides:

"No person, except as otherwise provided in this subchapter, shall be naturalized unless such petitioner, (1) immediately preceding the date of filing his petition for naturalization has resided continuously, after being lawfully admitted for permanent residence, within the United States for at least five years and during the five years immediately preceding the date of filing his petition has been physically present therein for periods totaling at least half of that time, and who has resided within the State in which the petitioner filed the petition for at least six months, (2) has resided continuously within the United States from the date of the petition up to the time of admission to citizenship, and (3) during all the period referred to in this subsection has been and still is a person of good moral character, attached to the principles of the Constitution

of the United States, and well disposed to the good order and happiness of the United States."

▪ Petitioner is a national of the Republic of the Philippines, having been born in the Philippine Islands in 1925. He was lawfully admitted to Hawaii on January 30, 1946, under the terms of the last sentence of sec. 8(a)(1) of the Philippine Independence Act of March 24, 1934, 48 Stat. 456, 48 U.S.C.A. § 1238. Sec. 8(a) provided:

"(1) For the purposes of the Immigration Act of 1917, the Immigration Act of 1924 (except 13(c)), this section, and all other laws of the United States relating to the immigration, exclusion, or expulsion of aliens, citizens of the Philippine Islands who are not citizens of the United States shall be considered as if they were aliens. For such purposes the Philippine Islands shall be considered as a separate country and shall have each fiscal year a quota of fifty. This paragraph shall not apply to a person coming or seeking to come to the Territory of Hawaii who does not apply for and secure an immigration or passport visa, but such immigration shall be determined by the Department of Interior on the basis of the needs of industries in the Territory of Hawaii.

"(2) Citizens of the Philippine Islands who are not citizens of the United States shall not be admitted to the continental United States from the Territory of Hawaii (whether entering such Territory before or after the effective date of this section) unless they belong to a class declared to be nonimmigrants by section 3 of the Immigration Act of 1924 or to a class declared to be nonquota immigrants under the provisions of section 4 of such Act other than subdivision (c) thereof, or unless they were admitted to such Territory under an immigration visa. The Attorney General shall

by regulations provide a method for such exclusion and for the admission of such excepted classes." See note 1.

Upon the proclamation of Philippine Independence on July 4, 1946 (Presidential Proclamation 2695 of July 4, 1946, 11 F.R. 7517, 22 U.S.C.A. § 1394 note), sec. 14 of the Philippine Independence Act became effective. Petitioner thereupon lost his status as a national of the United States and became an alien. Cabebe v. Acheson, 9 Cir., 183 F.2d 795; Rabang v. Boyd, 353 U.S. 427, 77 S.Ct. 985, 1 L.Ed.2d 956.

■ Having been admitted to Hawaii during the period between May 1, 1934 and July 3, 1946, under the provisions of the Philippine Independence Act, petitioner was "lawfully admitted for permanent residence" in Hawaii and became eligible for naturalization there. Ricardo Fermin, A–6719397, August 8, 1949, opinion set forth in the Congressional Record, Vol. 98, Part 5, House of Representatives, June 10, 1952, pp. 6988–

6989. That case arose under the Nationality Act of 1940, but the Service concedes that it applies under INA.

Petitioner filed his petition for naturalization in the United States District Court for the District of Hawaii on August 3, 1953, as he had a right to do under the general provisions of INA. Thirty days thereafter he became eligible for admission to United States citizenship by that court. Petitioner wished to study in the continental United States so that he could return to Hawaii and serve as a missionary among the Filipino people in Hawaii, and wanted to begin his studies in September 1953, before it was practicable to obtain a hearing on his petition. The representatives of the Service in Hawaii advised him that he would be able to transfer his petition to some district court in the continental United States and be admitted to citizenship by such court, provided he resided continuously within the United States from the date of his petition up to the time of his admission to citizenship, as

---

1. Petitioner, as well as other former Philippine nationals, not United States citizens, who were admitted to Hawaii pursuant to the authority contained in the last sentence of sec. 8(a) (1) of the Philippine Independence Act between May 1, 1934 and July 4, 1946, are not regarded as having been admitted to the continental United States for permanent residence. Their immigration status was restricted by sec. 8(a) (2) of the Philippine Independence Act, and its present successor provision, sec. 212(d) (7) of the Immigration and Nationality Act, 8 U.S.C.A. § 1182(d) (7). This latter section provides as follows: "The provisions of subsection (a) of this section, except paragraphs (20), (21), and (26), shall be applicable to any alien who shall leave Hawaii, Alaska, Guam, Puerto Rico, or the Virgin Islands of the United States, and who seeks to enter the continental United States or any other place under the jurisdiction of the United States: Provided, That persons who were admitted to Hawaii under the last sentence of section 8(a) (1) of the Act of March 24, 1934, as amended (48 Stat. 456), and aliens who were admitted to Hawaii as nationals of the United States shall not be excepted by this paragraph from the application of paragraphs (20)

and (21) of subsection (a) of this section, unless they belong to a class declared to be nonquota immigrants under the provisions of section 101(a) (27) of this Act, other than subparagraph (C) thereof, or unless they were admitted to Hawaii with an immigration visa. The Attorney General shall by regulations provide a method and procedure for the temporary admission to the United States of the aliens described in this proviso. Any alien described in this paragraph, who is excluded from admission to the United States, shall be immediately deported in the manner provided by section 237(a) of this Act." See also Title 8, C.F.R., sec. 4.2(g).

Subsection (a) of sec. 212 of the Act lists the classes of aliens ineligible to receive visas and subject to exclusion from admission to the United States. Subsections (20) and (21) refer to the documentary requirements for immigrants and subsection (26) to the documentary requirements for nonimmigrants. Sec. 101(a) (27), 8 U.S.C.A. § 1101(a) (27), defines nonquota immigrants and subparagraph (C) of such section refers to nonquota immigrants who are eligible for such status because of birth in the Western Hemisphere.

required by sec. 316(a)(2), quoted above. Accordingly, on August 18, 1953, petitioner executed an "Application for Permission of a Citizen of the Philippine Islands in Hawaii to Enter the United States", in which he stated, inter alia: "(14) My purpose in going to the continental United States is as follows: To attend La Sierra College, Arlington, California, and I intend to remain five years at least. I have no intention of remaining permanently on the continental mainland of the United States", and "(19) I also understand that if I am allowed to proceed to the continental United States mainland as a temporary visitor, I will not be allowed to seek, or to engage in, employment of any kind; that I may not change my status without prior authority from the Immigration and Naturalization Service; and that I will be required to return to Hawaii, or depart from the continental United States at the expiration of the period of admission granted to me unless I have applied for, and received, from the Immigration authorities, an extension of my temporary stay." This application was granted, for the purpose stated.

Petitioner entered the continental United States in September 1953, and since that date has resided and pursued his studies therein. He is now attending college in Maryland. On October 27, 1957, his petition for naturalization was transferred to the United States District Court for the District of Maryland, pursuant to sec. 335, 8 U.S.C.A. § 1446(i).

The Service concedes that if petitioner returned to Hawaii he could now be admitted to citizenship there, but the Service contends that he cannot be admitted to citizenship by this court because he was admitted to the continental United States as a nonimmigrant. The Service argues that the continuous residence in the United States after the date of the petition, required by sec. 316(a)(2), 8 U.S.C.A. § 1427(a), means continuous residence after being lawfully admitted for permanent residence to that portion of the United States where such residence occurs. Congress, however, has

clearly differentiated between the term "lawfully admitted for permanent residence", and the term "residence", as used in INA. Cf. sec. 101(a)(20) with sec. 101(a)(33), 8 U.S.C.A. § 1101(a)(20) and (33):

"1101. *Definitions*

"(a) As used in this chapter—

\* \* \* \* \* \*

"(20) The term 'lawfully admitted for permanent residence' means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

\* \* \* \* \* \*

"(33) The term 'residence' means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. Residence shall be considered continuous for the purposes of sections 1482 and 1484 of this title where there is a continuity of stay but not necessarily an uninterrupted physical presence in a foreign state or states or outside the United States."

Hawaii, of course, is not a part of the continental United States; but sec. 101(a)(36) and (38), 8 U.S.C.A. § 1101(a)(36) and (38) provide:

"(36) The term 'State' includes (except as used in section 1421(a) of this title) Alaska, Hawaii, the District of Columbia, Puerto Rico, Guam, and the Virgin Islands of the United States."

"(38) The term 'United States', except as otherwise specifically herein provided, when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States."

Sec. 316(a)(1), 8 U.S.C.A. § 1427(a)(1), set out in the first paragraph of this opinion, makes lawful ad-

mission for permanent residence a prerequisite to filing a petition for naturalization. No doubt sec. 316(a)(1) requires lawful admission for permanent residence to that portion of the United States—whether continental United States or one of the islands—where the petition for naturalization is filed. The distinction is justified in the interest of the proper investigation of petitioners for citizenship. Lawful admission for permanent residence in Hawaii under the Philippine Independence Act does not entitle a person to admission for permanent residence in the continental United States, sec. 212(d)(7), 8 U.S.C.A. § 1182(d)(7), note 1 supra, and therefore does not entitle such person to file a petition for naturalization in the continental United States while residing in the continental United States as a nonimmigrant. But the Service concedes that such admission to Hawaii does entitle such person to file a petition for naturalization in Hawaii, and if such petition is granted and such person is admitted to citizenship, he may thereafter enter the United States for permanent residence.

 The petition for naturalization in this case was properly filed in Hawaii. Petitioner could have been admitted to citizenship there shortly after the filing of the petition. The Service consented to the transfer of the petition to the District of Maryland, and does not contend that its investigation of petitioner has been hampered by his residence in California and Maryland. Construed literally, in the light of the definitions above quoted, sec. 316(a)(2), 8 U.S.C.A. § 1427(a)(2), does not require that the "residence" of petitioner in the United States after the filing of his petition be after "lawful admission for permanent residence" in the place where such post-petition residence occurs. There is no reason to give it a forced interpretation. The "lawful admission for permanent residence" requirement of sec. 316(a) was satisfied when the petition was filed in that part of the United States (Hawaii) where petitioner had been admitted for permanent residence.

Since it is conceded that petitioner meets all other requirements for admission to citizenship, his petition will be granted.